# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ELIZABETH JENKINS,**

        **Plaintiff,**

v.                                           **Civil Action No. 3:08cv118**
                                                            **(Judge Bailey)**

**HAZELTON FEDERAL PRISON,**
**FEDERAL BUREAU OF PRISONS,**
**WARDEN DRIVER,**

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I.   Factual and Procedural History

On July 29, 2008, the *pro se* plaintiff filed a civil rights action against the above-named defendants. The plaintiff was granted permission to proceed as a pauper on October 15, 2008, and paid her initial partial filing fee on November 12, 2008. Thus, on February 24, 2009, the undersigned conducted a preliminary review of the complaint. Upon review, the undersigned noted that the plaintiff's entire complaint reads in relevant part:

> I have been put under duress. Violently assaulted and I can't get no relief.
> I ask for a lawyer in this case and that the person, Ms. Whiteside, also be prosecuted for this violent matter.

From this, the undersigned found that the plaintiff, a federal inmate, sought to raise a failure to protect claim under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (authorizing suits against federal employees). However, the undersigned found that the plaintiff's complaint failed to state a claim for relief. Specifically, the undersigned noted that the plaintiff failed to clearly identify her claim, allege any facts in support of her claim or allege how

the named defendants were personally involved in any alleged violation of her constitutional rights. Moreover, the undersigned found that the plaintiff failed to mention whether she raised this issue through the Bureau of Prison's administrative remedy process, and if so, whether her claims have been fully exhausted. Thus, because the plaintiff was proceeding pro se, the undersigned directed the plaintiff to file an amended complaint within twenty (20) days of the date of the Order. The plaintiff has failed to do so. Accordingly, this case is before the undersigned for an initial review and report and recommendation on the original complaint pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on

---

[1] Id. at 327.

factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. The Analysis

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

Moreover, liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability in a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

In order to state an Eighth Amendment claim of failure to protect, the plaintiff must show that prison officials violated their duty to protect her "from violence at the hands of other prisoners."

Farmer v. Brennan, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "For a claim based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," and that the prison officials acted with "'deliberate indifference' to inmate health or safety.'" *Id.* The Supreme Court left open the point at which a risk of inmate assault becomes sufficient for Eighth Amendment purposes. *Id.* at n. 3. However, the Supreme Court held that "[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837.

Here, the plaintiff merely intimates that the defendants have violated her constitutional rights without providing any factual support for her claim. In point of fact, the plaintiff has failed to allege any facts in support of a claim of failure to protect or to support a claim that the named defendants were personally involved in any alleged violation of her constitutional rights. Accordingly, the plaintiff has failed to state a claim for which relief may be granted relief and her complaint should be dismissed as frivolous.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint (Dckt. 1) be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915 and 1915A for the failure to state a claim, and that this case be dismissed from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Report and

4

Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 1 June 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE